# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **ROOSEVELT BAKER** | **CIVIL ACTION NO. 08-1065** |
|     La. DOC #173602 | |
| VS. | **SECTION P** |
| | **JUDGE JAMES** |
| **WARDEN TIM WILKINSON** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Roosevelt Baker filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on July 17, 2008. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Winn Corrections Center. He attacks his 2004 conviction for aggravated burglary (La. R.S.14:60) and the 25-year hard labor sentence imposed by the Fifth Judicial District Court, Richland Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred under the provisions of 28 U.S.C. §2244(d).

### *Background*

Petitioner was convicted of aggravated burglary on May 12, 2004. [rec. doc. 1, ¶3(b)] On September 8, 2004, he was sentenced to serve 25 years at hard labor. [rec. doc. 1-3, p. 4] Petitioner's motion to reconsider sentence was denied without a hearing and he timely appealed his conviction and sentence to the Second Circuit Court of Appeals. [rec. doc. 1-4, pp. 11-24]

On May 11, 2005, his conviction and sentence were affirmed by the Second Circuit Court of Appeals and Notice of Judgment was mailed to petitioner and his court-appointed appellate

counsel. [rec. doc. 1-5, pp. 1-17; see also *State of Louisiana v. Roosevelt Baker*, 39,696 (La. App. 5/11/2005), 902 So.2d 1247]

Petitioner's *pro se* application for writ of *certiorari* [rec. doc. 1-5, pp. 18-29] was submitted to prison authorities at the earliest on June 14, 2005 [rec. doc. 8, Court Exhibit 1– cover letter accompanying writ application dated June 14, 2005] and mailed from the prison to the Louisiana Supreme Court on June 16, 2005. [rec. doc. 5, Exhibit 1, p. 21] On April 28, 2006 the Supreme Court denied writs without comment. *State of Louisiana v. Roosevelt Baker*, 2005-2055 (La. 4/28/2006), 927 So.2d 1281.

On June 12, 2006, petitioner filed a *pro se* Application for Post-Conviction Relief in the Fifth Judicial District Court. [rec. doc. 1-5, pp. 30-45] On April 23, 2007, the District Court denied relief. [rec. doc. 1-3, p. 5] On June 7, 2007, petitioner filed a *pro se* writ application in the Second Circuit Court of Appeal. [rec. doc. 1-6, pp. 1-21] On August 2, 2007, the Second Circuit denied writs finding "no error ... shown in the trial court's denial of post-conviction relief...". [rec. doc. 1-6, pp. 22-23]

On August 29, 2007, petitioner submitted a *pro se* writ application to the Louisiana Supreme Court. [rec. doc. 1-6, pp. 24-42] On June 20, 2008, the Supreme Court denied writs. See *State ex rel. Roosevelt Baker v. State of Louisiana*, 2007-1850 (La. 6/20/2008), 983 So.2d 1264. [rec. doc. 1-6, p. 43]

Petitioner signed his federal *habeas corpus* petition on July 15, 2008. [rec. doc. 1, p. 8] It was post-marked July 16, 2008 [rec. doc. 1, p. 9] and received and filed on July 17th.

On October 2, 2008, the undersigned completed an initial review and directed petitioner to provide additional information and exhibits. [rec. doc. 4] On October 16, 2008, petitioner

provided some but not all of the information requested. [rec. doc. 5[1]]

On October 16 and again on December 1, 2008, petitioner filed Motions for Leave of Court to Invoke Discovery seeking in the first instance, a copy of the Fifth Judicial District Court's reasons for judgment denying petitioner's application for post-conviction relief ( a document the undersigned previously directed petitioner to supply), and, in the second instance, copies of certain letters allegedly written by the petitioner to the victim which form the subject matter of Claim Two of the instant petition.

*Law and Analysis*

*1. Time Bar*

Title 28 U.S.C. §2244(d)(1)(A) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

---

[1] Based on the petition and exhibits, it was impossible to determine a complete chronology. Among other things, there was no evidence to establish the date petitioner filed his application for writ of certiorari on direct review in Louisiana's Supreme Court. (Petitioner provided a copy of his writ application but it was unsigned and not dated. [see rec. doc.1-5, pp. 18-29]) The undersigned directed petitioner to provide some evidence to establish whether his application for certiorari was filed within the limits established by Louisiana Supreme Court Rule X. [rec. doc. 4] More specifically he was directed to "... provide either a dated copy of the writ application ... or prison mail logs to establish the date he gave the writ to prison authorities for mailing; or some notice from the Louisiana Supreme Court to establish the date of filing..." [rec. doc. 4, at fn 10] On October 16, 2008, petitioner responded to the order and supplied a copy the Louisiana Supreme Court's notice that petitioner's writ application was post-marked on June 16, 2005. [rec. doc. 5, Exhibit 1, p. 21] In an effort to determine whether petitioner had perhaps submitted his pleadings for mailing on a date prior to June 16, 2005, the undersigned directed the pro se staff attorney to obtain additional evidence from the Louisiana Supreme Court. In response to that request, the Clerk of the Louisiana Supreme Court provided the document identified herein as Court Exhibit 1– a copy of the cover letter which accompanied petitioner's writ application to the Supreme Court. [see rec. doc. 8]

[2] Nothing in the record before the court suggests that any State created impediments prevented the filing of this petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.

3

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction and sentence to the Second Circuit Court of Appeals. On May 11, 2005, his conviction and sentence were affirmed and Notice of Judgment was mailed to petitioner and his court-appointed appellate counsel. [rec. doc. 1-5, pp. 1-17; see also *State of Louisiana v. Roosevelt Baker*, 39,696 (La. App. 5/11/2005), 902 So.2d 1247]

Thereafter petitioner presented his *pro se* application for *certiorari* to prison authorities for mailing to the Supreme Court on June 14, 2005. [see rec. doc. 8, Court Exhibit 1]. Prison authorities then mailed petitioner's application to the Louisiana Supreme Court on June 16, 2005. [rec. doc. 5, Exhibit 1, p. 21]

Louisiana Supreme Court Rule X, §5(a) provides a 30 day limitations period for filing writs of *certiorari* seeking review of the judgments of the Louisiana courts of appeal. This

---

Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

limitations period is reckoned from the date that the court of appeals' Notice of Judgment is mailed. The evidence establishes that Notice of Judgment was mailed by the Second Circuit on May 11, 2005. [rec. doc. 1-5, p. 1] Petitioner signed the cover letter accompanying his pleading on June 14, 2008 [rec. doc. 8], more than 30-days after Notice of Judgment was mailed.

Petitioner concedes that his pleadings were filed after the Rule X deadline, but he argues that he should be entitled to equitable tolling because "[i]f the decision of the Second Circuit Court of Appeal was mailed on ... 11 May 2005, the petitioner should be provided a grace period of at least two (2) days in which to receive the notice..." [rec. doc. 5, p. 4] He also argues that he is entitled to an additional "grace period" of 3 days "... attributable to internal delays that wee created by petitioner's place of confinement, i.e., access to the law library for research and preparation of the brief, access to the notary public, and to obtain copies..." [rec. doc. 5, p. 5] Neither of these claims provide an exception to the time-limit established by Supreme Court Rule X, §5(a). In fact, with regard to the 30- day limitations period, the rule specifically provides, "No extension of time therefor will be granted."

However, the Louisiana Supreme Court does recognize the "mailbox rule" and therefore, petitioner's writ application must be considered as filed with the Supreme Court as of the date it was delivered to prison authorities for mailing. See *State ex rel. Egana v. State*, 00-2351 (La.9/22/00), 771 So.2d 638. As shown above, however, petitioner did not sign his cover letter until June 14, 2005, and giving him the benefit of the mailbox rule, that date must be assumed to be the earliest possible date that he could have presented his pleadings to prison authorities for mailing. [See rec. doc. 8, Court Exhibit 1]

Thus, the available record establishes the following: (1) the Second Circuit Court of

Appeals mailed Notice of Judgment on May 11, 2005; (2) petitioner had 30 days, or until June 10, 2005, to file his petition for *certiorari* in the Supreme Court; (3) petitioner's *pro se* application for writ of *certiorari* [rec. doc. 1-5, pp. 18-29] was submitted to prison authorities at the earliest on June 14, 2005 [see rec. doc. 8, Court Exhibit 1] and mailed to the Louisiana Supreme Court June 16, 2005. [rec. doc. 5, Exhibit 1, p. 21]

Thus, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. § 2244(d)(1)(A)], thirty days following the mailing of Notice of Judgment by the Second Circuit or on June 10, 2005. See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003) (If a defendant stops the appeal process before the entry of judgment by the court of last resort, the conviction becomes final when the time for seeking further direct review in the state court expires.); see also *Butler v. Cain*, 533 F.3d 314, 316 (5th Cir. 2008) ("[T]his court looks to state law in determining how long a prisoner has to file a direct appeal.[citations omitted] Louisiana Supreme Court Rule X, § 5(a) states that an application 'to review a judgment of the court of appeal either after an appeal to that court ..., shall be made within thirty days of the mailing of the notice of the original judgment..' [The] time for seeking further review of his state conviction expired when he did not within thirty days of the Louisiana Court of Appeal's ... decision, challenge that decision in the state Supreme Court.)

Since petitioner's judgment of conviction became final on June 10, 2005, under the AEDPA, he had one year, or until June 10, 2006 to file his federal *habeas corpus* petition.

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides, "The time during which a properly filed application for State post-conviction or other collateral review with

respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation..." However, the record submitted by the petitioner establishes that he did not file his Application for Post-Conviction Relief until June 12, 2006 [rec. doc. 1-5, pp. 30-45] and by that time the AEDPA limitations period had expired and could not be revived by the otherwise timely filed State court pleading.

As shown above, petitioner's untimely application for *certiorari* remained pending in the Louisiana Supreme Court from June 14, 2005, [rec. doc. 8] until April 28, 2006, the date writs were denied by the Court without comment. *State of Louisiana v. Roosevelt Baker*, 2005-2055 (La. 4/28/2006), 927 So.2d 1281. Petitioner may contend that he is entitled to tolling for the period of time that this pleading remained pending. However, such an argument is without a basis in fact or law. The Fifth Circuit Court of Appeals rejected an identical argument finding that the tolling provision codified at 28 U.S.C. §2244 does not apply to untimely applications for *certiorari* on direct review. *Butler v. Cain*, 533 F.3d 314, 320 (5th Cir. 2008).

## 2. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.

*3. Pending Motions*

As previously noted, petitioner was ordered to produce a copy of the trial court's reasons for judgment denying his application for post-conviction relief so that it could be determined whether any of his post-conviction claims were dismissed as procedurally defaulted. [rec. doc. 4] Petitioner was unable to produce that document and has requested permission to engage in discovery in order that he might comply with the previous memorandum order. [rec. docs. 5 and 6] Additionally, he seeks items of documentary evidence from the State Court record in support of the merits of his second claim for relief. [rec. doc. 7] In light of the foregoing time-bar analysis and recommendation, those documents are no longer relevant to these proceedings and therefore petitioner's motions should be denied.

Therefore, petitioner's Motions for Leave of Court to Invoke the Process of Discovery [rec. docs. 6 and 7] are **DENIED.**

And further,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitations period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers at Monroe, Louisiana, December 4, 2008.

```
                                    _____
                                    KAREN L. HAYES
                                    U. S. MAGISTRATE JUDGE
```